IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| *Plaintiff-Respondent* | } | |
| | } | |
| v. | } | CRIMINAL ACTION NO. H-93-188 |
| | } | CIVIL ACTION NO. H-96-2090 |
| RONDRICK LAMAR WALLACE, | } | |
| *Defendant-Petitioner* | } | |

## ORDER

Presently before the Court is Petitioner Rondrick Lamar Wallace's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. 1B1.10(c). (Doc. 128).

In February of 1994, a jury found Wallace guilty of conspiracy to possess with intent to distribute more than fifty grams of "crack" cocaine, aiding and abetting possession with intent to distribute more than fifty grams of "crack cocaine, and using and carrying a firearm during and in relation to the "crack" cocaine offenses in violation of 18 U.S.C. § 924(c)(1). Wallace was sentenced on July 15, 1994, to concurrent 151-month terms of imprisonment on the conspiracy and aiding and abetting convictions and sixty months imprisonment on the firearm conviction, to run consecutive to the punishment imposed in the first two convictions. The Fifth Circuit affirmed the judgment of this Court on September 1, 1995. (Doc. 107). Wallace sought habeas corpus relief from his firearm conviction under 28 U.S.C. § 2255, in part, on the ground that he neither used nor carried a firearm pursuant to 18 U.S.C. § 924(c), as defined in *Bailey v. United States*, 516 U.S. 137 (1995). Relying on the holding of *Muscarello v. U.S.*, 524 U.S. 125 (1998), this Court denied Wallace relief, granted respondent's motion for summary judgment, and dismissed the petition. (Doc. 124).

In the pending motion, Wallace seeks a modification of his sentence pursuant to 18 U.S.C.

§ 3582(c)(2), which allows the court to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission and if a reduction would be consistent with the applicable policy statements in the guidelines. Wallace argues that his sentence should be reduced in accordance with Amendment 599 to the Sentencing Guidelines. Amendment 599 is given retroactive effect under § 1B1.10 of the Sentencing Guidelines, thus Wallace may seek relief under § 3582(c)(2) pursuant to that amendment. *United States v. Diaz*, 248 F.3d 1065, 1107-08 (11th Cir. 2001), *judgment vacated by Echevarria v. U.S.*, 125 S.Ct. 1003) (remanded for consideration in light of opinion in *United States v. Booker*, 543 U.S. 738 (2005)).

Amendment 599 provides for certain changes to the commentary to § 2K2.4 of the Guidelines, which impacts the sentence of a defendant who is convicted under 18 U.S.C. § 924(c). As relevant here, Amendment 599 modified Note 2 to Guideline 2K2.4 to prohibit a weapon enhancement to the underlying offense where there is a conviction under 18 U.S.C. § 924(c). *See* Historical Notes to U.S. Sentencing Guidelines 2K2.4 (Nov. 1, 2000). Amendment 599 does not, however, apply to Wallace's case. This Court did not make an increase to the underlying drug offenses for Wallace's use of a firearm. Instead, this Court sentenced Wallace to sixty months of imprisonment–the minimum sentence permitted–pursuant to his conviction for violating § 924(c).

Wallace also argues that Amendment 599 clarifies the "use" prong of § 924(c). Citing *Bailey*, Wallace maintains "[t]he new rule of constitutional law now requires an active employment of a firearm to find one guilty of a § 924(c)(1) charge." Wallace maintains he was tried solely on the "use" prong but the Court did not instruct the jury regarding the active employment issue; therefore, he was convicted of a non-existent crime. (Doc. 128).

Amendment 559 does not address the "use" prong of § 924(c)(1). Wallace's "Memorandum of Law in Support of Motion Pursuant to 18 U.S.C. § 3582" (Doc. 128) is nothing more than an attempt to re-litigate the arguments that he originally raised in his habeas petition filed pursuant to § 2255. This Court rejected these arguments in its Order adopting the Magistrate Judge's Memorandum and Recommendations and need not reconsider them here.

After carefully considering the record and the applicable law, the Court **ORDERS** that Petitioner's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. 1B1.10(c) be **DENIED.**

**SIGNED** at Houston, Texas, this 5th day of July, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE